Jorge Franco, Jr. (No. 013834)
E-Mail: jf@jhc-law.com
Larry J. Crown (No. 013133)
E-Mail: ljc@jhc-law.com
**JENNINGS, HAUG & CUNNINGHAM, LLP**
2800 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-1049
Telephone: 602-234-7800
Facsimile:  602-277-5595

Attorneys for Defendants Maricopa County Board of Supervisors
  And Maricopa County

## UNITED STATES DISCTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Dowling and Dennis Dowling, husband and wife, | Case No.: 2:09-cv-01401-PHX-JAT |
| Plaintiffs, | **DEFENDANTS MARICOPA COUNTY BOARD OF SUPERVISORS' AND MARICOPA COUNTY'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| vs. | |
| Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; Maricopa County Board of Supervisors; Maricopa County, a Municipal entity; John Does I-X; Jane Does I-X; Black Corporations I-V; and White Partnerships I-V, | |
| Defendants. | |

Come now Defendants Maricopa County Board of Supervisors and Maricopa County (hereinafter referred to the "County Defendants") by and through their attorneys, and for their Answer to Plaintiffs' Complaint, admit, deny and allege as follows:

### JURISDICTIONAL ALLEGATIONS

1.     Paragraph 1 of Plaintiffs' Complaint does not call for an Answer.

2.     Answering Paragraph 2 of Plaintiffs' Complaint, the County Defendants admit only that Plaintiffs served a Notice of Claim more than sixty (60)

days prior to the date of the filing of Plaintiffs' Complaint. All other allegations of fact and conclusions of law contained therein are denied.

3. The County Defendants admit the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. This action was removed to the United States District Court for the District of Arizona on July 2, 2009. Therefore, answering Paragraph 4 of Plaintiffs' Complaint, the County Defendants admit only that venue is proper in the District Court. All other allegations of fact and conclusions of law contained therein are denied.

**GENERAL ALLEGATIONS**

5. The County Defendants incorporate herein by reference their answers to Paragraphs 1-4 of Plaintiffs' Complaint as if fully set forth herein.

6. The County Defendants admit the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Answering Paragraph 7 of Plaintiffs' Complaint, the County Defendants admit only that Sheriff Arpaio was the elected Sheriff of Maricopa County. All other allegations of fact and conclusions of law contained therein are denied.

8. With reference to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same. However, insofar as any allegations contained in Paragraph 8 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

9. The County Defendants admit the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Answering Paragraph 10 of Plaintiffs' Complaint, the County Defendants admit only that the Board serves as the governing body of Maricopa

County and admit only the Board's responsibilities and duties as imposed by law. All other allegations of fact and conclusions of law contained therein are denied.

11.   Answering Paragraph 11 of Plaintiffs' Complaint, the County Defendants admit only that Maricopa County is a public entity subject to civil suit. All other allegations of fact and conclusions of law contained therein are denied.

12.   The County Defendants admit the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.   The County Defendants are without sufficient knowledge or information to form a belief as to the truthfulness concerning the allegations contained in Paragraph 13 of Plaintiffs' Complaint and therefore, deny the same.

14.   The County Defendants are without sufficient knowledge or information to form a belief as to the truthfulness concerning the allegations contained in Paragraph 14 of Plaintiffs' Complaint and therefore, deny the same.

## FACTUAL BASIS FOR CLAIMS FOR RELIEF

15.   The County Defendants incorporate herein by reference their answers to Paragraphs 1-14 of Plaintiffs' Complaint as if fully set forth herein.

16.   The County Defendants admit the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.   The County Defendants admit the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.   The County Defendants admit the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.   The County Defendants admit the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.   Answering Paragraph 20 of Plaintiffs' Complaint, the County Defendants admit only that by 2006, there were numerous schools within the MCRSD. The County Defendants are without sufficient knowledge or information

to admit or deny the exact number of schools or student enrollment alleged therein.

21.     Answering Paragraph 21 of Plaintiffs' Complaint, the County Defendants admit only that the "Pappas Schools for Homeless Children" were included within the MCRSD.   The County Defendants are without sufficient knowledge or information to admit or deny the percentage their total enrollment represented within the MCRSD.

22.     Answering Paragraph 22 of Plaintiffs' Complaint, the County Defendants admit only that the MCRSD is county wide and is unable to levy a property tax.  All other allegations of fact and conclusions of law contained therein are denied.

23.     The County Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.     The County Defendants deny the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.     The County Defendants are without sufficient knowledge or information to form a belief as to the truthfulness concerning the allegations contained in Paragraph 25 of Plaintiffs' Complaint and therefore, deny the same.

26.     Answering Paragraph 26 of Plaintiffs' Complaint, the County Defendants admit only that Dr. Dowling requested an opinion from the Maricopa County Attorney and further allege that the content of said written opinion speaks for itself.

27.     Answering Paragraph 27 of Plaintiffs' Complaint, the County Defendants admit only that Tom Horne issued a written opinion in November 2005 and further assert that said written opinion speaks for itself.

28.     The County Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.     The County Defendants are without sufficient knowledge or

information to form a belief as to the truthfulness concerning the allegations contained in Paragraph 29 of Plaintiffs' Complaint and therefore, deny the same.

30.    With reference to the allegations contained in Paragraph 30 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 30 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

31.    With reference to the allegations contained in Paragraph 31 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 31 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

32.    With reference to the allegations contained in Paragraph 32 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 32 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

33.    With reference to the allegations contained in Paragraph 33 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 33 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

34.    With reference to the allegations contained in Paragraph 34 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 34 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

35.     With reference to the allegations contained in Paragraph 35 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 35 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.   To the extent that Paragraph 35 of Plaintiffs' Complaint alleges a conspiracy between MCSO and the Board, that allegation is specifically denied.

36.     With reference to the allegations contained in Paragraph 36 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 36 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

37.     With reference to the allegations contained in Paragraph 37 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 37 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

38.     With reference to the allegations contained in Paragraph 38 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 38 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied. To the extent that Paragraph 38 of Plaintiffs' Complaint alleges a conspiracy between MCSO and the Board, that allegation is specifically denied.

39.     The County Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.     The County Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     The County Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.     With reference to the allegations contained in Paragraph 42 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.  However, insofar as any allegations contained in Paragraph 42 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

43.     The County Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.     Answering Paragraph 44 of Plaintiffs' Complaint, the County Defendants admit only that Brian Hushek spoke with Sgt. Seagraves.  However, the County Defendants further assert that the full audio or video recording of said conversation is necessary to derive the full context of Mr. Hushek's statements; therefore, the remaining allegations of fact and conclusions of law contained therein are denied.

45.     Answering Paragraph 45 of Plaintiffs' Complaint, the County Defendants admit only that on April 7, 2006, the Board voted to adopt "Resolution #3 of the Board of Supervisors of Maricopa County Concerning the MCRSD No. 509" and further assert that said Resolution speaks for itself.  All other allegations of fact and conclusions of law contained therein are denied.

46.     Answering Paragraph 46 of Plaintiffs' Complaint, the County Defendants admit only that Dr. Dowling petitioned the Superior Court of Arizona, Maricopa County, in Special Action naming Board members Stapley, Brock, Kunasek, Wilcox and Wilson as Respondents at the conclusion of which Judge Margaret Downie ruled only that: 1) Dr. Dowling did have standing to bring the

Special Action; 2) "The Board exceeded its legal authority in adopting Resolution No. 3; and 3) declared Resolution No. 3 as "void." In addition, Judge Downie specifically noted that, "This case is not about whether Maricopa County *should*, as a policy matter, continue providing accommodation schools for the homeless children." Therefore, the remaining allegations of fact and conclusions of law contained therein are denied.

47.   The County Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.   Answering Paragraph 48 of Plaintiffs' Complaint, the County Defendants admit only that said lawsuit was filed. All other allegations of fact and conclusions of law contained therein are denied.

49.   Answering Paragraph 49 of Plaintiffs' Complaint, the County Defendants admit only that said lawsuit was filed. All other allegations of fact and conclusions of law contained therein are denied.

50.   Answering Paragraph 50 of Plaintiffs' Complaint, the County Defendants admit only that Dr. Dowling was prosecuted. All other allegations of fact and conclusions of law contained therein are denied.

51.   The County Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.   Answering Paragraph 52 of Plaintiffs' Complaint, the County Defendants deny the same and affirmatively allege that the content of the Grand Jury indictment speaks for itself.

53.   The County Defendants are without sufficient knowledge or information to form a belief as to the truthfulness concerning the allegations contained in Paragraph 53 of Plaintiffs' Complaint and therefore, neither admit nor deny the same.

54.   The County Defendants are without sufficient knowledge or

information to form a belief as to the truthfulness concerning the allegations contained in Paragraph 54 of Plaintiffs' Complaint and therefore, neither admit nor deny the same.

55.     The County Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.     The County Defendants admit the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57.     Answering Paragraph 57 of Plaintiffs' Complaint, the County Defendants admit only that Dr. Dowling's indictment and prosecution was, at various times, covered by the local news media and that various representatives of the MCSO, the County and the County Board of Supervisors, at different times, participated in said coverage.  All other allegations of fact and conclusions of law contained therein are denied.

58.     With reference to the allegations contained in Paragraph 58 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.  However, insofar as any allegations contained in Paragraph 58 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

59.     The County Defendants are without sufficient knowledge or information to form a belief as to the truthfulness concerning the allegations contained in Paragraph 59 of Plaintiffs' Complaint and therefore, neither admit nor deny the same.

60.     Answering Paragraph 60 of Plaintiffs' Complaint, the County Defendants admit only that a civil lawsuit against Dr. Dowling and her husband personally was filed.  All other allegations of fact and conclusions of law contained therein are denied.

61.     The County Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.     Answering Paragraph 62 of Plaintiffs' Complaint, on their own behalf only, the County Defendants deny the same.

63.     Answering Paragraph 63 of Plaintiffs' Complaint, on their own behalf only, the County Defendants deny the same.

64.     Answering Paragraph 64 of Plaintiffs' Complaint, on their own behalf only, the County Defendants deny the same.

65.     Answering Paragraph 65 of Plaintiffs' Complaint, on their own behalf only, the County Defendants deny the same.

66.     Answering Paragraph 66 of Plaintiffs' Complaint, on their own behalf only, the County Defendants deny the same.

67.     Answering Paragraph 67 of Plaintiffs' Complaint, on their own behalf only, the County Defendants deny the same.

68.     Answering Paragraph 68 of Plaintiffs' Complaint, on their own behalf only, the County Defendants deny the same.

69.     Answering Paragraph 69 of Plaintiffs' Complaint, on their own behalf only, the County Defendants deny the same.

70.     The County Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.     The County Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

## CLAIMS FOR RELIEF

### Count I – Negligence/Gross Negligence – All Defendants

72.     The County Defendants incorporate herein by reference their answers to Paragraphs 1-71 of Plaintiffs' Complaint as if fully set forth herein.

73.     Answering Paragraph 73 of Plaintiffs' Complaint, on their behalf only,

the County Defendants admit and acknowledge only their duties of care imposed by law and affirmatively allege they fully complied with the same.   All other allegations of fact and conclusions of law contained therein are denied.

74.   Answering Paragraph 74 of Plaintiffs' Complaint, on their behalf only, the County Defendants deny the same, affirmatively allege that their limited powers and duties are governed by A.R.S. §11-251 and further allege full compliance with the same.

75.   Answering Paragraph 75 of Plaintiffs' Complaint, on their behalf only, the County Defendants deny the same, affirmatively allege that their limited powers and duties are governed by A.R.S. §11-251 and further allege full compliance with the same.

76.   Answering Paragraph 76 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

77.   Answering Paragraph 77 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

78.   Answering Paragraph 78 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

## Count II – Malicious Prosecution – All Defendants

79.   The County Defendants incorporate herein by reference their answers to Paragraphs 1-78 of Plaintiffs' Complaint as if fully set forth herein.

80.   Answering Paragraph 80 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

81.   The County Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.   Answering Paragraph 82 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

## Count III – Abuse of Process – All Defendants

83.   The County Defendants incorporate herein by reference their answers to Paragraphs 1-82 of Plaintiffs' Complaint as if fully set forth herein.

84.   Answering Paragraph 84 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

85.   Answering Paragraph 85 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

## Count IV – U.S.C. § 1983 – Unconstitutional Policies, Customs, and Failure to Train – All Defendants

86.   The County Defendants incorporate herein by reference their answers to Paragraphs 1-85 of Plaintiffs' Complaint as if fully set forth herein.

87.   Answering Paragraph 87 of Plaintiffs' Complaint, the County Defendants deny that Sheriff Arpaio's actions are the actions of the County or the Board.   All other allegations of fact and conclusions of law contained therein are denied.   With reference to the remaining allegations contained in Paragraph 87 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 87 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

88.   With reference to the remaining allegations contained in Paragraph 88 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 88 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

89.     With reference to the allegations contained in Paragraph 89 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 89 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

90.     Answering Paragraph 90 of Plaintiffs' Complaint, on their behalf only, the County Defendants deny the same, affirmatively allege that their limited powers and duties are governed by A.R.S. §11-251 and further allege full compliance with same.

91.     Answering Paragraph 91 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

92.     Answering Paragraph 92 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

93.     Answering Paragraph 93 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

94.     Answering Paragraph 94 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

95.     Answering Paragraph 95 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

96.     Answering Paragraph 96 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

97.     Answering Paragraph 97 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

98.     With reference to the allegations contained in Paragraph 98 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 98 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

99.     With reference to the allegations contained in Paragraph 99 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 99 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

### Count V – Conspiracy to Commit Violations of 42 U.S.C. § 1983 – All Defendants

100.   The County Defendants incorporate herein by reference their answers to Paragraphs 1-99 of Plaintiffs' Complaint as if fully set forth herein.

101.   Answering Paragraph 101 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

102.   Answering Paragraph 102 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

103.   Answering Paragraph 103 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

104.   Answering Paragraph 104 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

### Count VI (Violations of 42 U.S.C. § 1983; Free Speech, Law Enforcement Retaliatory Conduct, Malicious Selective Prosecution, and Abuse of Process – All Defendants

105.   The County Defendants incorporate herein by reference their answers to Paragraphs 1-104 of Plaintiffs' Complaint as if fully set forth herein.

106.   Answering Paragraph 106 of Plaintiffs' Complaint, on their behalf only, the County Defendants admit the same.

107.   Answering Paragraph 107 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

108.   Answering Paragraph 108 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

109.   Answering Paragraph 109 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

110.   Answering Paragraph 110 of Plaintiffs' Complaint on their behalf only, the County Defendants deny the same.

111.   With reference to the allegations contained in Paragraph 111 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 111 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

112.   With reference to the allegations contained in Paragraph 112 of Plaintiffs' Complaint, the allegations do not pertain to the County Defendants and they, as a result, neither admit nor deny the same.   However, insofar as any allegations contained in Paragraph 112 of Plaintiffs' Complaint may pertain to the County Defendants, they are denied.

**Jury Trial**

113.   Paragraph 113 of Plaintiffs' Complaint does not call for an answer.

**General Denials**

114.   The County Defendants specifically deny that they are negligent as alleged by Plaintiffs' Complaint, or at all and further deny that their actions were malicious or violated Plaintiffs' civil or constitutional rights.

115.   The County Defendants deny each and every allegation of fact and conclusion of law contained in Plaintiffs' Complaint not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

Affirmatively, and so that the same are not waived until discovery is complete, the County Defendants allege their defenses as follows:

1.   Failure to state a claim upon which relief can be granted.

2.   These Defendants acted at all times with proper legal authority.

3.   The prosecution of plaintiff, Sandra Dowling was independent of any actions of these Defendants.  The criminal case was investigated by The Arizona Attorney General's Office and the Maricopa County Sheriff's Office, was prosecuted by the United States Attorney's Office, a grand jury indicted Dr. Dowling and a Maricopa County Judge presided over the proceeding.

4.   This action is barred by the Doctrines of Abatement and Abstention.

5.   Plaintiffs failed to file a timely and appropriate notice of claim as required by Arizona Revised Statutes ("A.R.S.") § 12-821.01.

6.   Defendants are protected by qualified immunity.

7.   Defendants are protected by absolute immunity.

8.   Defendants' actions do not constitute an unconstitutional custom or practice and no conduct by Defendants constituted the implementation or execution of an unconstitutional policy, procedure, ordinance or decision.

9.   Plaintiffs' damages, if any, were wholly caused or proximately contributed to by Plaintiffs' own negligent conduct or the negligence or conduct of persons or entities over which these answering Defendants have no control.

10.   For other and affirmative defenses, these answering Defendants allege that information may come to light during discovery which gives rise to or

confirms a basis for the following affirmative defenses.  Therefore, pursuant to Rule 8(c) and Rule 12(a)(1)(B), Federal Rules of Civil Procedure, these answering Defendants allege the affirmative defenses of assumption of risk, contributory negligence, estoppel, waiver, release, fraud and failure to join an indispensable party.

WHEREFORE, having fully answered Plaintiffs' Complaint, the County Defendants request that this matter be dismissed; that they be awarded their costs incurred herein, including attorneys' fees pursuant to 42 U.S.C. § 1988; and for such other and further relief as the Court deems just and proper.

DATED this 31st day of July, 2009.

JENNINGS HAUG & CUNNINGHAM, L.L.P.

/s/ Jorge Franco, Jr.
/s/ Larry J. Crown
Jorge Franco, Jr.
jf@jhc-law.com
Larry J. Crown
ljc@jhc-law.com
Attorneys for Defendants Maricopa County Board
of Supervisors and Maricopa County

1

## CERTIFICATE OF SERVICE

2

3   I hereby certify that on July 31, 2009, I electronically transmitted Defendants Maricopa County Board of Supervisors and Maricopa County's Answer to Plaintiffs'
4   Complaint to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5

6   Michael E. Manning
    Leslie E. O'Hara
    John T. White
7   Stinson Morrison Hecker
    1850 N. Central Avenue, #2100
8   Phoenix, AZ 85004
    Attorneys for Plaintiffs

9

    Dennis I. Wilenchik
10  Wilenchik & Bartness
    2810 N. Third Street
11  Phoenix, AZ 85004
    Attorneys for Defendant Sheriff Joseph Arpaio and Ava Arpaio

12

13

14  _Kmleal_

15  4047-17
    JF/kc

16

17

18

19

20

21

22

23

24

25

26

27

28