WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Dowling and Dennis Dowling, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; Maricopa County Board of Supervisors; Maricopa County, a Municipal entity; John Does I-X; Jane Does I-X; Black Corporations I-V; and White Partnerships I-V,<br><br>    Defendants. | No. CV 09-01401-PHX-JAT<br><br>**ORDER** |

    Pending before the Court are: (1) the Maricopa County Defendants' Motion to Seal Exhibits 8 and 9 to the Board Defendants Statement of Facts in Support of their Second Motion for Summary Judgment (Doc. 233) and (2) the Maricopa County Defendants' Motion to Seal Exhibits 2, 6, and 16 to Plaintiffs' Notice of Filing Exhibits to Omnibus Statement of Facts (Doc. 234).

    In both Motions to Seal, the Maricopa County Defendants move to seal by relying on this Court's Order that the depositions of the supervisors be taken under seal and that the minutes be produced under seal. Based upon its reading of these Motions to Seal, the Court has determined that the Maricopa County Defendants are operating under the misapprehension that the Court has already granted them leave to seal exhibits attached to

dispositive motions. This is not the case. The Court ordered that the depositions be taken under seal, but has not given the Maricopa County Defendants leave to seal those depositions when attached to any dispositive or non-dispositive motion.

The Maricopa County Defendants seem to have ignored the portion of this Court's Order of October 12, 2011 (Doc. 231) that directed them to file motions to seal pursuant to *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). In *Kamakana*, the Ninth Circuit Court of Appeals clearly stated that "automatic sealing" is inappropriate. *Id.* at 1179 (parties moving to seal must show compelling reasons to seal "even if the dispositive motion, or its attachments, were previously filed under seal or protective order.").

However, because the Court does not believe the Maricopa County Defendants acted in bad faith, the Court will grant the Maricopa County Defendants leave to supplement their motions to seal. In their supplement, the Maricopa County Defendants must provide the Court with compelling reasons why the information they seek to have sealed should be sealed in accordance with *Kamakana*. Further, the Maricopa County Defendants should keep in mind that they must provide compelling reasons to seal each portion of the exhibits they are seeking to seal and specifically link those portions to the compelling reasons asserted. *See id.* at 1184 ("Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."). This may require the Maricopa County Defendants to redact the documents instead of relying on the Court to seal a whole exhibit when a compelling reason may only apply to a portion of the exhibit.

Based on the foregoing,

**IT IS ORDERED** denying the Maricopa County Defendants' Motion to Seal Exhibits 8 and 9 to the Maricopa County Defendants Statement of Facts in Support of their Second Motion for Summary Judgment (Doc. 233).

**IT IS FURTHER ORDERED** denying the Maricopa County Defendants' Motion to Seal Exhibits 2, 6 and 16 to Plaintiffs' Notice of Filing Exhibits to Omnibus Statement of Facts (Doc. 234). However, the Clerk of the Court shall not strike or unseal any documents

relating to these motions at this time because they will be subject to the supplemental motion to seal discussed below.

**IT IS FURTHER ORDERED** that the Maricopa County Defendants shall supplement their motions to seal (Doc. 233 and Doc. 234) within 10 days of the date of this Order. If the Maricopa County Defendants do not supplement their motions to seal or if, after reading the supplemental filing, the Court does not find compelling reasons to grant the motions to seal, the Court will strike the lodged documents without granting the parties any further opportunity to move to seal.

DATED this 17th day of November, 2011.

James A. Teilborg
United States District Judge