WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Dowling and Dennis Dowling, husband and wife,<br><br>  Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; Maricopa County Board of Supervisors; Maricopa County, a Municipal entity; John Does I-X; Jane Does I-X; Black Corporations I-V; and White Partnerships I-V,<br><br>  Defendants. | No. CV 09-01401-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the Arpaio Defendants' Motion to Strike Portions of D.P. Van Blaricom's Supplemental Expert Report (Doc. 199). The Maricopa County Defendants have filed a Joinder thereto (Doc. 200). Plaintiffs have filed a Response (Doc. 205) and Defendants have filed a Reply (Doc. 206 and Doc. 207-Joinder Reply). The Court now rules on the Motion.

**I.    BACKGROUND**

On July 5, 2011, Plaintiffs provided Defendants with a Fourth Supplemental Disclosure Statement, which included an updated report from their expert, D.P. Van Blaricom. The report contained a new paragraph that was not contained in Mr. Van Blaricom's previous expert reports. Defendants argue that this new paragraph (¶ 10) should be stricken because it adds new opinions not previously disclosed and is, thus, untimely and in violation of the expert disclosure deadlines set by this Court.

It is uncontested that Plaintiffs timely disclosed Mr. Van Blaricom's original report

and the first supplement thereto.[1] Similarly, Defendants timely disclosed their rebuttal expert report.[2] On March 3, 2011, Defendants took the deposition of Mr. Van Blaricom. Defendant Sheriff Arpaio was deposed on June 8, 2011, Supervisor Stapley was deposed on May 12, 2011, and Supervisor Wilcox was deposed on April 21, 2011.

Plaintiffs argue that the new paragraph of Mr. Van Blaricom's report is not untimely, but is the proper subject of a supplemental disclosure statement because it is based on new information obtained during the depositions of Sheriff Arpaio and Supervisors Stapley and Wilcox.

## II.   LEGAL STANDARD

With regard to expert reports,

> the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under 26(a)(3) are due.

Fed. R. Civ. P. 26(e)(1).

Defendants argue that the additional information provided in the expert report "exceeds the bounds of permissible supplementation" envisioned by Rule 26(e) and thus the new information should be excluded under Federal Rule of Civil Procedure 37(c)(1), which provides

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

In response, Plaintiffs argue that Rule 26(e) envisions the circumstance where Plaintiffs have gained new information throughout the discovery process and have amended

---

[1] Both reports were disclosed by the October 25, 2010 expert disclosure deadline set by this Court.

[2] The rebuttal expert report was disclosed by the February 28, 2011 rebuttal expert disclosure deadline.

- 2 -

1  their expert report solely in response to that new information, which was not available prior
2  to the additional discovery.

3  Here, the expert disclosure deadline occurred before Plaintiffs were able to depose
4  Sheriff Arpaio and Supervisors Stapley and Wilcox.  Plaintiffs argue that the new
5  information obtained during these depositions led to the supplementation of its expert report.
6  Defendants contend that this argument should be rejected because "[i]f Plaintiffs wanted Mr.
7  Van Blaricom to opine regarding policy and practice, then they should have conducted the
8  necessary discovery before their expert disclosure deadline."  Notably, Defendants do not
9  argue that this information was somehow available to Plaintiffs before the expert discovery
10 deadline.  Further, Plaintiffs have provided the Court with ample evidence that they worked
11 diligently to take the depositions of Arpaio and Supervisors Stapley and Wilcox.   Under
12 such circumstances, the Court cannot find that Plaintiffs were able to conduct the necessary
13 discovery before their expert disclosure deadline.

14 Plaintiffs argue that Defendants should have anticipated supplementation of their
15 expert report, because, in a timely disclosed version of Mr. Van Blaricom's report, he noted
16 "[a]lthough discovery had not yet been completed to enable my review of all relevant
17 documents, my deposition was taken by defense counsels Lisa Wahlin and Larry Crown on
18 March 30, 2011."  (Doc. 205-1 at 3, ¶ 5).  While this could have signaled to Defendants that
19 Mr. Van Blaricom's opinion would be supplemented in the future based on further discovery,
20 it also suggests that Plaintiffs may have anticipated that their expert would supplement his
21 report based on further discovery.  In both cases, the safest course of action for both Plaintiffs
22 and Defendants would have been to bring this anticipated problem to the Court's attention
23 before discovery closed.

24 However, the Court does not believe Plaintiffs have acted in bad faith and
25 acknowledges that other district courts have reach disparate conclusions on this issue.[3]  As

---

27 [3] Both Plaintiffs and Defendants have cited to decisions by various district courts that
28 support their positions.  *See* Docs. 199, 205, and 206.

1 applied to the facts in this case, the Court does not believe that a Rule 37(c) sanction would
2 be appropriate.  However, Defendants have argued that they will be prejudiced if the Court
3 does not exclude the additional paragraph of Mr. Van Blaricom's expert report.  Defendants
4 have requested that, if the Court finds that exclusion is inappropriate under Rule 37(c), the
5 Court reopen discovery so that Defendants may depose Mr. Van Blaricom on this limited
6 information and allow them to amend their rebuttal expert report.  The Court finds that, as
7 applied to the facts of this case, this procedure is appropriate.

8      Accordingly,

9      **IT IS ORDERED** that the Arpaio Defendants' Motion to Strike Portions of D.P. Van
10 Blaricom's Supplemental Expert Report (Doc. 199) is denied.

11      **IT IS FURTHER ORDERED** that the parties shall have until December 16, 2011
12 to depose Plaintiffs' expert, D.P. Van Blaricom.[4]

13      **IT IS FURTHER ORDERED** that the parties shall have until January 9, 2012 to
14 make rebuttal expert disclosures.[5]

15      **IT IS FURTHER ORDERED** that Defendants shall have until January 16, 2012 to
16 supplement their motions for summary judgment.  This supplement shall not exceed five
17 pages and shall only contain facts and law relating to new information obtained during the
18 deposition and/or rebuttal expert disclosure that are the subjects of this Order.

19      **IT IS FURTHER ORDERED** that Plaintiffs shall have until January 23, 2012 to
20 respond to any supplemental motion for summary judgment.  The response shall not exceed
21 five pages.

22      **IT IS FURTHER ORDERED** that Defendants shall have until January 30, 2012 to
23 reply in support of any supplemental motion for summary judgment.  The reply shall not

---

[4] The deposition shall be limited solely to new information contained in Mr. Van Blaricom's amended report.

[5] Rebuttal expert disclosures shall be limited solely to new information contained in Mr. Van Blaricom's amended report and/or new information obtained during the deposition of Mr. Van Blaricom regarding information contained in the amended report.

- 4 -

1 exceed five pages.

2 **IT IS FINALLY ORDERED** vacating oral argument on Defendants' Motion to
3 Strike (Doc. 199)[6] and continuing oral argument on the follow pending motions: the Arpaio
4 Defendants' Second Motion for Summary Judgment (Doc. 211), the Maricopa County
5 Defendants' Second Motion for Summary Judgment (Doc. 212), Plaintiffs' Motion to Strike
6 232 Statements of Fact (Doc. 227), and the Maricopa County Defendants' Motion to Strike
7 Plaintiffs' Omnibus Statement of Facts (Doc. 237) from January 17, 2012 to **March 5, 2012**
8 **at 11:00 a.m.** in Courtroom 503, 401 W. Washington Street, Phoenix, AZ 85003.  To assist
9 the court reporter, the parties shall prepare and bring to the oral argument a Table of
10 Authorities, in alphabetical order, which includes all of the authorities on which the parties
11 will rely at oral argument. The Table of Authorities shall not exceed the scope of the parties
12 pleadings.

13    DATED this 17th day of November, 2011.

                                    James A. Teilborg
                                    United States District Judge

---

[6] The Court notes that neither Plaintiffs or Defendants requested oral argument on this motion.

- 5 -