WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Dowling and Dennis Dowling, husband and wife,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; Maricopa County Board of Supervisors; Maricopa County, a Municipal entity; John Does I-X; Jane Does I-X; Black Corporations I-V; and White Partnerships I-V,<br><br>　　　　Defendants. | No. CV 09-01401-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Plaintiffs' Motion to Strike "232" facts not relied on in support of the Arpaio Defendants' Motion for Summary Judgment (Doc. 227) and the Board Defendants' Motion to Strike Plaintiffs' Omnibus Statement of Facts (Doc. 237). For the reasons that follow, both Motions are denied.

**I.　ARGUMENTS**

In their Motion to Strike, Plaintiffs argue that, although the Arpaio Defendants listed 477 statements in their Statement of Facts in Support of their Motion for Summary Judgment, they only specifically reference 245 of those statements in the body of their Motion.

Plaintiffs argue that this violates Local Rule of Civil Procedure 56.1(a).[1] In response, the Arpaio Defendants argue that, because they are not permitted to submit a statement of facts with the reply, they included facts in their original statement of facts that they believed might reasonably be necessary to reply to Plaintiffs' anticipated arguments. In fact, the Arpaio Defendants cited to 30 additional facts included in the original statement of facts in their Reply. The Arpaio Defendants argue that, because these facts actually support their Motion, they have not violated Local Rule 56.1(a).

In the Board Defendants' Motion to Strike Plaintiffs' Omnibus Statement of Facts, the Board Defendants argue that Plaintiffs violated Local Rule 56.1(b)[2] by filing a

---

[1] Local Rule of Civil Procedure 56.1(a) provides in full:
> **Separate Statement of Facts.** Any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion. The separate statement should include only those facts that the Court needs to decide the motion. Other undisputed facts (such as those providing background about the action or the parties) may be included in the memorandum of law, but should not be included in the separate statement of facts. Each material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.). A failure to submit a separate statement of facts in this form may constitute grounds for the denial of the motion.

[2] Local Rule of Civil Procedure 56.1(b) provides in full:
> **Controverting Statement of Facts.** Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each

1 Controverting Statement of Facts in Support of their Opposition to the Board Defendants'
2 Second Motion for Summary Judgment and a separate pleading entitled Plaintiffs' Omnibus
3 Statement of Facts in Support of their Opposition to the Board Defendants' Motion for
4 Summary Judgment and the Arpaio Defendants' Motion for Summary Judgment. The Board
5 Defendants argue that Local Rule 56.1(b) allows the opposing party to file only one
6 statement in opposition to the Motion for Summary Judgment. In response, Plaintiffs argue
7 that the Board Defendants read 56.1(b) too narrowly and that their Omnibus Statement of
8 Facts was submitted in the interests of judicial convenience and ease of review.

## II.   LEGAL STANDARD AND ANALYSIS

District courts "have broad discretion in interpreting and applying their local rules." *Delange v. Dutra Constr. Co., Inc.,* 183 F.3d 916, 919 (9th Cir. 1999) (quoting *Miranda v. S. Pac. Transp.*, 710 F.2d 516, 521 (9th Cir. 1983)).

The Court agrees that neither Plaintiffs' Omnibus Statement of Facts nor the Arpaio Defendants' Statement of Facts strictly comply with Local Rule of Civil Procedure 56. However, both Plaintiffs and Defendants have provided a reasonable basis for their failure to strictly comply with the Local Rule. In this circumstance, to elevate form over substance and strictly enforce Local Rule 56 by striking material portions of the Parties' Statements of Facts would not further the goals of the litigation and the Court finds that it is more important to consider the merits of the Motions for Summary Judgment, especially where, as here, the Parties have acted quickly in providing their objections to the material they wish to have stricken. The Court finds that, instead of striking the objectionable facts, it will be more judicially efficient at this stage to allow the Parties to submit limited objections to the

---

> additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support. Each numbered paragraph of the statement of facts set forth in the moving party's separate statement of facts must, unless otherwise ordered, be deemed admitted for purposes of the motion for summary judgment if not specifically controverted by a correspondingly numbered paragraph in the opposing party's separate statement of facts.

- 3 -

additional facts provided to the Court.[3]

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Strike "232" facts not relied on in support of the Arpaio Defendants' Motion for Summary Judgment (Doc. 227) is denied.

**IT IS FURTHER ORDERED** that the Board Defendants' Motion to Strike Plaintiffs' Omnibus Statement of Facts (Doc. 237) is denied.

**IT IS FURTHER ORDERED** that oral argument is vacated on Plaintiffs' Motion to Strike "232" facts not relied on in support of the Arpaio Defendants' Motion for Summary Judgment (Doc. 227) and the Board Defendants' Motion to Strike Plaintiffs' Omnibus Statement of Facts (Doc. 237).[4] However, oral argument on the remaining pending Motions (Docs. 211 and 212) is still set for March 5, 2012 at 11:00 a.m.

**IT IS FINALLY ORDERED** that Plaintiffs and Defendants shall have 15 days from the date of this Order to file any objections/disputes to the 30 additional facts referred to in the Arpaio Defendants' Reply in Support of its Motion for Summary Judgment or the

---

[3] Because Plaintiffs have not yet responded to the additional 30 facts that the Arpaio Defendants referred to in their Reply, they must be permitted to do so. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (the district court should not consider new evidence presented in a reply to a summary judgment motion without giving the nonmovant an opportunity to respond). It appears that the Board has already filed objections to Plaintiffs' Omnibus Statement of Facts (Doc. 237) and the Court will take those objections into consideration when deciding the Motions for Summary Judgment. Further, all Parties shall be on notice that this Court will not consider any facts not referenced in the Parties' Motions, Responses, or Replies.

[4] Although the Court previously set oral argument on these motions, oral argument is unnecessary because both parties submitted memoranda discussing the law and facts in support of their positions, and oral argument would not have aided the Court's decisional process. *See e.g.*, *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Further, it is in the Parties' best interests to have the Motions to Strike resolved before the Court hears argument on the Motions for Summary Judgment.

- 4 -

Omnibus Statement of Facts if such objection/dispute is not already set forth in the record.[5]

DATED this 1st day of February, 2012.

_____
James A. Teilborg
United States District Judge

---

[5] Any document containing objections/disputes filed with this Court shall be limited solely to objections/disputes to the facts discussed in this Order. The Parties should not view this as an opportunity for supplemental briefing on the Motions for Summary Judgment.